NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____  :
                                     :
RUTH SEPULVEDA,                      :
                                     :
         Plaintiff,                  :   Civil No. 06-1474 (RBK)
                                     :
    v.                               :   **OPINION**
                                     :
COMMISSIONER OF SOCIAL               :
SECURITY,                            :
                                     :
         Defendant.                  :
_____  :

**KUGLER**, United States District Judge:

This matter comes before the Court upon appeal by Plaintiff Ruth Seeulveda ("Sepulveda"), pursuant to 42 U.S.C. § 405(g), for review of a final determination of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI"). For the reasons set forth below, the Court affirms the ALJ's decision.

**I. Background**

Sepulveda, a 48 year old woman, alleges that she is disabled with an onset date of December 1, 2001 due to a combination of asthma, headaches, back problems, and depression. (R. at 181.)  Moreover, Sepulveda alleges that she suffers balance problems, anxiety, and pain in her legs.  (R. at 187.)

1

She testified that she moved to New Jersey from Puerto Rico about 22 years ago.  (R. at 185.)  She has a high school education and previously worked sewing wedding dresses.  (R. at 192.) Sepulveda has not worked in fourteen years.  (R. at 99.)  She receives public assistance (R. at 185) which sets her monthly rent at $22 (R. at 189).

Sepulveda claims she first experienced depression about thirteen years ago when she had her first child. (R. at 98.)  She now has three children, ages two, five, and fifteen.  (R. at 185.)  All the children have the same father, a Camden man who is "in the process of getting SSI."  (R. at 98.)  Sepulveda cares for her two-year-old child at home during the day, but her five-year-old goes to school.  (R. at 190.)  Sepulveda testified that "thinking about her children" depresses her, but that taking care of her children is not too much for Sepulveda to handle.  (R. at 98.)

Sepulveda recently saw Dr. George DuBois (R. at 184), a psychiatrist, who prescribed medication to Sepulveda for problems with insomnia, nerves, frightfulness, and trembling (R. at 191). Sepulveda testified that she has always been a nervous person and that she occasionally experiences "an attack of hysterics."  (R. at 193.)  Sepulveda said that at times she feels as if her "body goes numb," particularly at night.  (R. at 194.)

However, in her testimony before the ALJ, Sepulveda

indicated that she planned to visit Dr. DuBois again because the medication he prescribed makes her headaches worse. (R. at 192.) Sepulveda discontinued the medication because the headaches and nausea caused by the medications are too severe. (R. at 192.)

Sepulveda claims she cannot work because of her severe headaches which she claims are caused by an inflammation in the "superior part" of her head. (R. at 187.) Sepulveda says she experienced severe headaches for approximately seven years. (R. at 188.) Sepulveda testified that the medicine takes over four hours to relieve her pain. (R. at 187.) Sepulveda adds that these headaches cause balance problems and pain in her legs. (R. at 187.)

Sepulveda also claims that she is not able to walk more than one block before having problems with her right leg. (R. at 195.) Sepulveda testified that she is able to run the household as a result of assistance from her family members. (R. at 187-88.) Sepulveda says she can shop for her family and make small meals with her family's help. (R. at 188.) Sometimes she will walk to the post office to mail her bills. (R. at 189-90.)

Dr. Young Lee, the psychological consultative examiner, found no objective signs of depression or thinking disorder. (R. at 100.) Dr. Lee observed that she was able to sit normally in her chair and that her mood was not depressed. (R. at 100.) The physician found her intellectual functioning normal. (R. at

100.) Dr. Lee diagnosed her with asthma but ruled out any additional anxiety disorders. (R. at 100-01.) In addition, Dr. Rashid Ahmed, a physical consultative examiner, found no objective signs of severe asthma, back or leg impairments.

Sepulveda filed for SSI on January 10, 2002. (R. at 51.) The Social Security Administration ("SSA") denied her claims on August 30, 2002. (R. at 26.) Sepulveda filed a request for reconsideration which was denied on January 23, 2003. (R. at 35.) Sepulveda then requested a hearing, which took place on March 19, 2004. (R. at 39.)

ALJ Janice C. Volkman denied Sepulveda's appeal on July 23, 2004. (R. at 22.) In her opinion, ALJ Volkman found that Sepulveda's asthma and back and leg impairments were not severe as defined under 20 CFR § 416.920 (R. at 19.) ALJ Volkman also noted that she found Sepulveda's testimony "not entirely credible" because Sepulveda alleged disability, but continued to perform the normal activities associated with running a household. (R. at 20.)

Further, the ALJ found no evidence of depression or anxiety other than Sepulveda's own testimony that she occasionally feels depressed. (R. at 19.) Beyond this testimony, Sepulveda failed to provide additional corroborating psychiatric evidence to advance her claim. (R. at 17.) Likewise, Dr. Lee found Sepulveda's psychiatric impairment to be

"minimal, if any."  (R. at 20.)

The ALJ noted that the only evidence that supported Sepulveda's claim of disability came from her treating physician, Dr. Michael Gallagher.  However, the ALJ refused to rely on Dr. Gallagher's assessment because the ALJ found it to be "internally inconsistent." (R. at 21.)  Specifically, the ALJ noted that Dr. Gallagher limited Sepulveda to three hours a day of sitting, standing, and walking, yet found that Sepulveda could perform routine tasks on a sustained basis for eight hours a day for a number of weeks with only some limitations but not to such a degree as to create serious problems in most working environments.  (R. at 21.)

Sepulveda appealed the ALJ's decision on July 28, 2004 (R. at 12), which the Appeals Council denied on February 10, 2006.  (R. at 6.)  Sepulveda appealed to this Court on March 28, 2006.  This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

**II.**     **STANDARD OF REVIEW**

District Court review of the Commissioner's final decision is limited to ascertaining whether the decision is supported by substantial evidence. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support

5

a conclusion." Morales v. Apfel, 225 F.3d 301, 316 (3d Cir. 2000) (quoting Plummer v. Apfel, 186 F.3d 422, 422 (3d Cir. 1999)). If the Commissioner's determination is supported by substantial evidence, the Court may not set aside the decision, even if the Court "would have decided the factual inquiry differently." Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (citing Hartranft, 181 F.3d 358, 360 (3d Cir. 1999)); see also Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992) (citing Early v. Heckler, 743 F.2d 1002, 1007 (3d Cir. 1984) ("A district court may not weigh the evidence or substitute its conclusions for those of the fact-finder.").

Nevertheless, the reviewing court must be wary of treating "the existence vel non of substantial evidence as merely a quantitative exercise" or as "a talismanic or self-executing formula for adjudication." Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."). The Court must set aside the Commissioner's decision if the Commissioner did not take into account the entire record or failed to resolve an evidentiary conflict. Schonewolf v. Callahan, 972 F. Supp. 277, 284-85 (D.N.J. 1997) (citing Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978)) ("[U]nless the [Commissioner] has analyzed all evidence and has sufficiently

6

explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."). Furthermore, evidence is not substantial if "it constitutes not evidence but mere conclusion," or if the ALJ "ignores, or fails to resolve, a conflict created by countervailing evidence." Wallace v. Secretary of Health and Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983) (citing Kent, 710 F.2d 110, 114 (3d Cir. 1983)).

**III.     Discussion**

The Commissioner conducts a five step inquiry to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004). The Commissioner first evaluates whether the claimant is currently engaging in a "substantial gainful activity." Such activity bars the receipt of benefits. 20 C.F.R. § 404.1520(a). The Commissioner then ascertains whether the claimant is suffering from a severe impairment, meaning "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). If the Commissioner finds that the claimant's condition is severe, the Commissioner determines whether it meets or equals a listed impairment. 20 C.F.R. §

404.1520(d). If the condition is equivalent to a listed impairment, the claimant is entitled to benefits; if not, the Commissioner continues to step four to evaluate the claimant's RFC and analyze whether the RFC would entitle the claimant to return to her "past relevant work." 20 C.F.R. § 404.1520(e). The ability to return to past relevant work precludes a finding of disability. If the Commissioner finds the claimant unable to resume past relevant work, the burden shifts to the Commissioner to demonstrate the claimant's capacity to perform work available "in significant numbers in the national economy." Jones, 364 F.3d at 503 (citing 20 C.F.R. § 404.1520(f)).

Here, ALJ Volkman determined that Sepulveda did not engage in a substantial gainful activity since the onset of her disability.  Next, ALJ Volkman determined that Sepulveda has asthma, but there was no evidence that it limited any of her activities.  Also, there was no objective evidence, other than Sepulveda's own testimony, of back or leg problems.  ALJ Volkman did not find Sepulveda's testimony entirely credible because although she claims disability, she performs those activities associated with running a household.

ALJ Volkman relied on Dr. Lee's evaluation which found that Sepulveda may have some depressive disorder "now and then" but her psychological impairment was "minimal if any."  Sepulveda maintains interpersonal relationships and conducts meaningful

8

conversations. Her psychological examination found no objective signs of depression or other thinking disorders.

The only evidence supporting Sepulveda's disability was the Medical Source Statement signed by her treating physician, Dr. Gallagher. However, the ALJ did not rely on this report because she found it "internally inconsistent," as previously discussed.

Sepulveda argues that the ALJ erred in not finding that her impairments were "severe" as required under Step II of the Sequential Evaluation Process. Sepulveda also argues that the record provides sufficient basis for a favorable award of summary judgment. The Commissioner argues that there is substantial evidence in the record to support the ALJ's findings and therefore, this Court must affirm the Commissioner's decision.

### A.   Severity of Sepulveda's Impairments

Sepulveda contends that the ALJ erred by finding that her impairments were not severe at Step II of the Sequential Evaluation of Disability. 20 CFR § 404.1520. However, if Sepulveda does not have any impairment or combination of impairments that significantly limits her ability to do basic work activities, Sepulveda does not have a severe impairment, and is therefore, not disabled under the Social Security regulations. 20 CFR §§ 404.1520, 416.920. Basic work activities are defined as the abilities and aptitudes necessary to do most jobs,

including standing, sitting, reaching, pushing, pulling, carrying or handling.  20 CFR §§ 416.908, 416.921.  Basic work activities also include use of judgment, remembering simple instructions, and responding appropriately to co-workers.  20 CFR § 416.921(b). The severity of an impairment is a de minimus standard and excludes those that "do not significantly limit basic work activities."  Bowen v. Yuckert, 482 U.S. 137, 157-58 (1987).

In this case, ALJ Volkman attributed substantial weight to evaluating physicians, Drs. Lee and Ahmed.  Dr. Ahmed's physical examination revealed no objective signs of Sepulveda's claims of asthma, or leg and back impairments.  Further, ALJ Volkman relied on Dr. Lee's determination that Sepulveda demonstrated no signs of depression or anxiety notwithstanding Sepulveda's subjective claims that she saw a therapist and is always depressed.  Dr. Lee considered that Sepulveda cares for her three children, continues unimpaired interpersonal relationships, and maintains meaningful conversations.

An ALJ must corroborate subjective complaints regarding a disability with objective medical evidence. 20 C.F.R. § 404.1529(a). Here, Sepulveda offered no objective evidence to support her allegations of disability. The ALJ attributed little weight to Dr. Gallagher's opinion, and explained that she found several inconsistencies in Dr. Gallagher's report. Affording little weight to Dr. Gallagher's medical opinion was not an error

but was within the ALJ's discretion.  ALJ Volkman discussed the relevant medical opinions in her decision and apportioned the weight due to each, and there is a substantial evidence in the record to support her decision on this matter. Accordingly, the ALJ properly found that Sepulveda was not severely psychologically or physically impaired.

       B.    The Record Does Not Support a Finding of Disability

Sepulveda asserts that the ALJ erred in her determination that the record does not demonstrate Sepulveda is disabled.  This Court disagrees.

ALJ Volkman found that Sepulveda's testimony, the only evidence supporting her claim of severe impairments, was not entirely credible.  In the ALJ's opinion, the ALJ questions Sepulveda's alleged disability, given that Sepulveda performs the normal activities associated with running a household.  This Court finds Sepulveda's testimony equally unavailing.  For example, she states that she has no problem with her personal needs, such as taking a shower and dressing herself.  However, in later testimony Sepulveda says even rising from a chair is excruciatingly painful because of her back pain.

Therefore, the Court finds that the record supports the ALJ's finding that Sepulveda is not disabled.

**IV. Conclusion**

Because ALJ Volkman's decision is supported by substantial evidence in the record, this Court affirms his decision that Sepulveda is not disabled and is therefore not entitled to SSI.

Dated: 6/11/2007                         s/Robert B. Kugler
                                         ROBERT B. KUGLER
                                         United States District Judge